FILED BY _____ D.C.

05 DEC -8 AM 9: 27

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

FILED
2005 NOV 29 PM 12: 02

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

vs.                                         Criminal No. 05-20120

SEAN WILLIAM LEE,

    Defendants.

*Denied as Moot in light of Government's Response. Dec 8 2005 [signature] McCall*

## MOTION FOR THE AUTOMATIC AND/OR EARLY PRODUCTION OF JENCKS/RULE 26.2 STATEMENTS

Comes now your Defendant, SEAN WILLIAM LEE, by and through his Attorneys of Record, Jake Erwin, and respectfully moves this Honorable Court to advise the prosecution to provide the defense with all *Jencks*/Rule 26.2 statements prior to trial so that the defense can be prepared to review the statements and cross examine government witnesses without delay during the trial.

In the alternative, the defense moves the Court to order the automatic production of *Jencks*/Rule 26.2 statements of all government witnesses after their testimony without the necessity of the defendants making repeated requests. In the event the prosecution provide the defense with *Jencks*/Rule 26.2 statements after a witness testifies the defense requests an automatic recess, in order to review the statements so as to be ready to make effective use of the statements during cross examination.

## MEMORANDUM IN SUPPORT

This request is made to accommodate the District Court in moving this case expeditiously once a jury is selected. Often, the prosecution supplies the defense with *Jencks*/Rule 26.2 statements after a witness testifies and at a time when the defense cannot possibly review the material so as to proceed with cross-examination. While counsel recognizes that the Jencks Act and Rule 26.2 provide that statements need be produced only after the witness testifies, *see Sendejas v. United States*, 428 F.2d 1040, 1046 (9th Cir), *cert denied*, 400 U.S. 926; *United States v. Alqie*, 667 F.2d 569, 571 (6th Cir. 1982), the defense urges this Court to implement a rule which will accommodate both the law and the orderly trial of this case. The defense requests that the Court advise the prosecution to provide statements, because this is a capital case, at least thirty (30) working days prior to trial.

The Defendant further seeks the production of all statements of every government witness pursuant to Jencks Rule 26.2 without the necessity of repeated requests by defense counsel. It is requested that the prosecution be required to produce these statements automatically so that the defense will not be placed in the position of appearing demanding in the presence of the jury. Requiring repeated requests by defense counsel only serves to place the attorneys in an unfavorable light, and appear unprepared and obstructive in the presence of jurors who do not understand the procedures involved. At times trial judges may express their displeasure in the delay required by defense requests which again places the defense in an unfavorable light because of something over which the defense has no control. In a capital case, this is unacceptable.

In the event the prosecution declines to provide early *Jencks*, the defense requests that the Court grant an automatic recess after production to the defense to review statements provided. Again, the defense should not be required to make these requests in the presence of the jury when it is the prosecution who is making the recess necessary by delaying production until after the witness testifies. Death Penalty cases are different, not because defendant says so, but because every member of the current and recently past United States Supreme Court has so declared. "[E]very member of this Court has written or joined at least one opinion endorsing the proposition that because of it severity and irrevocability, the death penalty is qualitatively different from any punishment, and hence must be accompanied by unique safeguards . . ." Spaziano v. Florida, 469 U.S. 447 (1985); Woodson v. North Carolina, 428 U.S. 280, 304-305 (1976). When facing questions of this sort, Courts should and must recognize that adequate preparation is essential to ensuring reliability. Congress has, even in a bygone era, recognized how fundamentally different death penalty cases are and recognized this in the area of discover. 18 U.S.C. § 3432 states that a "person charged with . . . [a] capital offense" must receive a witness list before trial, notwithstanding the practice in noncapital cases. *See generally*, 18 U.S.C. § 3005 (1969) [two lawyers "learned in the law" shall "immediately" be assigned to whomever faces a capital indictment. "This venerable statute was first enacted as §29 of the Act of April 30, 1970; 1 Stat. 118 . . . it has existed continuously since . . ." United State v. Watson, 496 F.2d 1125, 1126 (4th Cir. 1973)], Rule 24(b), F.R.Cr.P. [additionally peremptory challenges].

WHEREFORE, Defendant requests automatic and/or early production of *Jencks*/Rule 26.2 statements in this capital case.

Respectfully submitted,

_____
Jake Erwin
Attorney for Defendant
200 Jefferson Ave., Suite 1313
Memphis, TN 38103

## CERTIFICATE OF SERVICE

I certify that a copy of this Motion was served on all interested parties in this cause including Mr. Dan Newsom, Assistant United States Attorney, 167 N. Main, Room 800, Memphis, Tennessee 38103 on this 18 day of November, 2005.

_____
Jake Erwin

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 47 in case 2:05-CR-20120 was distributed by fax, mail, or direct printing on December 8, 2005 to the parties listed.

---

Jacob E. Erwin
WAGERMAN LAW FIRM
200 Jefferson Avenue
Ste. 1313
Memphis, TN 38103

Dan Newsom
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT