IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 2:05-cr-20120-JDB

SEAN WILLIAM LEE,

    Defendant.
_____

ORDER TRANSFERRING SUCCESSIVE PETITION TO UNITED STATES COURT OF
APPEALS FOR THE SIXTH CIRCUIT
_____

On April 12, 2005, the Defendant, Sean William Lee, was indicted in this district for violations of 18 U.S.C. § 2422(b) (Count 1) and 18 U.S.C. § 2423(b) (Count 2). (Docket Entry ("D.E.") 16.) He entered a guilty plea to Count 1 of the indictment on December 12, 2005 (D.E. 52), and, on June 14, 2006, was sentenced to imprisonment for a term of 188 months (D.E. 73-74). Lee filed a direct appeal of his sentence to the Sixth Circuit Court of Appeals (D.E. 78), upon which the appellate court issued a ruling on September 17, 2007 (D.E. 92). On July 12, 2013, the inmate filed a petition for relief pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and actual innocence. (Case No. 2:13-cv-02519-STA-tmp, D.E. 1.) The Court denied the motion in an order entered March 4, 2015, in which it also denied a certificate of appealability and certifying that any appeal would not be taken in good faith. (*Id.*, D.E. 22.) Lee moved to vacate the judgment in his § 2255 case on March 30, 2015 (*id.*, D.E. 25), and then withdrew it days later (*id.*, D.E. 28), opting instead to appeal the denial of the habeas petition to the Sixth Circuit (*id.*). In that appeal, he sought leave to file a second or successive § 2255

motion raising additional ineffective assistance of counsel claims. The appellate court denied the motion on August 23, 2016. (*Id.*, D.E. 33.)

Lee then filed a motion before the Sixth Circuit to recall the mandate in his direct appeal in this matter, alleging error on the part of this Court in enhancing his sentencing guideline range. (*See* D.E. 100.) The motion was denied on May 9, 2017. (*Id.*) Now pending before the undersigned is the October 16, 2017, *pro se* motion of the Defendant to vacate the judgment of conviction and for withdrawal of his December 12, 2005, guilty plea. (D.E. 101.)

The Court construes the instant motion as a second, successive § 2255 petition. Under 28 U.S.C. § 2244(b)(3)(A),[1] such a request for relief may not be considered by the district court unless and until the petitioner obtains authorization from the Sixth Circuit to file the second petition. "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to the [court of appeals] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); *see also Askew v. Bradshaw*, 636 F. App'x 342, 345 n.1 (6th Cir. 2016). Lee has not yet obtained such authorization.

Accordingly, it is hereby ORDERED and the Clerk of Court is DIRECTED to transfer the instant motion to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this 22nd day of November 2017.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE

---

[1]Specifically, the statute provides that, "[b]efore a second or successive application [for habeas relief] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).